UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA,            :  Index No. 00-cr-6155 (CJS)
:
v.                                   :
:  AFFIRMATION OF
RICHARD AMICO,                       :  <u>VICTORIA B. EIGER</u>
:  Via ECF
Defendant.           :
:
------------------------------------------------------------X

       VICTORIA B. EIGER affirms under penalty of perjury the following:

       1. I am a member of the firm of Dershowitz, Eiger & Adelson, P.C., and I am one of the attorneys handling Richard Amico's appeal to the United States Court of Appeals for the Second Circuit which is pending there under Docket Number 03-1737-cr(L).

       2. I make this affirmation in support of Richard Amico's motion for an order granting bail pending appeal pursuant to 18 U.S.C. § 3143 (b).

       3. Richard Amico makes this motion now, in this Court, because, on May 30, 2006, following the filing of his brief on the merits in the Court of Appeals, he filed a motion for bail pending appeal in the Court of Appeals. (Ex. A)

       4. Patty Stemler, the Justice Department attorney who is handling the matter in the Court of Appeals, has indicated that the government will take the position that the bail motion in the Second Circuit is not ripe, because Amico has not asked this District Court for bail pending appeal, having asked this District Court only for bail pending sentence.

5. It is Richard Amico's position that, given the District Court's flight risk determination following the guilty verdict, given the particular issues raised on appeal, and given the Court of Appeals' jurisdiction to hear the bail application regardless of whether an application was made in the District Court, see United States v. Hochevar, 214 F.3d 342, 344 (2d Cir. 2000), any claim by the government of lack of ripeness should be rejected by the Court of Appeals.

6. Nevertheless, to eliminate the issue entirely, Richard Amico, by this motion, moves this Court for bail pending appeal.

7. Amico is incarcerated at McKean FCI, serving a sentence of 108 months imposed by this Court on November 4, 2003. (Ex. B)[1]

8. He has been incarcerated since April 3, 2003, when, following the jury's guilty verdict on one count of mail fraud and one count of conspiracy to defraud, the United States successfully moved for his remand into custody. (See Ex. C)

9. At that time, Amico sought a continuation of bail, but is was denied on the ground that he had failed to establish by clear and convincing proof that he was not a flight risk. (Ex. C)

10. Amico submits that he is not a flight risk, and that he also meets all other requirements for release on bail pending appeal.

11. A defendant is entitled to release on bail pending appeal upon a finding, by clear and convincing evidence, that he is "is not likely to flee or pose a danger to the safety of any other person or the community" and that the appeal is not taken for purposes of delay and "raises a substantial question of law or fact likely to result in ... an order for a new trial." 18 U.S.C. 3143(b).

---

[1] He long ago finished serving the one year sentence imposed on the tax count to which he pled guilty.

2

12. Richard Amico, who was charged with only non-violent crimes, has never posed a danger to the safety of any person or the community; we do not believe that the government would contend otherwise.

13. The issues he has raised on his appeal are:

A. The trial judge should have disqualified himself, as requested by the defendants and the government.

B. Recusal was also warranted because the trial judge violated Rule 11, improperly interjecting himself into the plea agreement process, thus creating an appearance of impropriety.

C. The failure to record hundreds of sidebar discussions, including at least 27 held during Patrick McNamara's testimony, and the holding of unreported chambers conferences on important subjects requires reversal of the conviction.

D. The evidence was insufficient to support the mail fraud conviction.

E. Defendant must be resentenced, by a different judge.

14. These are substantial issues within the meaning of the bail statute. Clearly, his appeal is not being taken for purposes of delay.

15. The only other factor relevant to bail pending appeal is the question of risk of flight. This Court's determination on April 3, 2003 – that Richard Amico could not show he was not a risk of flight because, having moved from Rochester to Atlanta (for employment purposes), he lacked significant ties to the Rochester community – should be reconsidered.

16. Amico has always had extremely strong ties to the Rochester area. Born in Rochester in 1970, he lived there his entire life except for the three year period when he lived and

worked in Atlanta, Georgia. His father is deceased, but his paternal grandparents still reside in Rochester, as do his wife, his mother-in-law and father-in-law, and many of his friends.

17. Prior to trial, his bond was set at $100,000 surety, and it was secured by the home of his mother-in-law and father-in-law. Throughout the proceedings, he appeared as required.

18. Amico has been married since June of 2001 to Tara Amico (nee Tomory), who has stuck with him throughout the ordeal of his trial and incarceration. Tara moved back to the Rochester area to live with her parents in Webster, New York, upon her husband's remand into custody.

19. Tara Amico has since purchased a home at 272 Laurelton Road in Rochester, New York, where Richard Amico would live if he is released. Tara remains devoted to her husband, and eagerly awaits his return.

20. Tara herself must remain in the Rochester area as all of her doctors are there. She has had longstanding medical problems, and has not fully recovered from two major surgeries.

21. Tara's parents remain in the Rochester area and, although they are in the process of selling their home and moving to another, they are, once again, willing to put up their property to secure their son-in-law's bond. Tara's father has cancer and recently underwent brain surgery, the last in a series of surgical procedures. Richard Amico's presence would be very helpful to Tara and her parents during what will undoubtedly be a most difficult time for this family.

22. Several family friends have offered to employ Richard Amico, if he is released.

23. Amico's experience and his conduct while incarcerated confirm that he is not an individual who poses a risk of flight.

24. I have confirmed through conversation with the McKean Chaplain's office that

4

Richard Amico has been a model prisoner.

25. In three years, he has not gotten even a single "shot." Prisoners are eligible for monthly institutional bonus which must be supported by a positive write-up. Amico has received the bonus every month; his file is filled with positive reports.

26. Moreover, I am informed that Richard Amico has been given an institutional driver's license, which permits him to drive around the McKean prison complex unsupervised, demonstrating that those charged with his custody are confident that he poses no risk of flight.

27. Amico's sentence is a lengthy one, but that does not make him a flight risk. Indeed, his appeal raises significant sentencing issues, including whether he must be resentenced in light of Booker and Crosby.

28. Richard Amico has faith in the appellate court system, and in the process of appellate review. He is cautiously optimistic that the Second Circuit will overturn his conviction. If it does not, he knows that (unless the United States Supreme Court acts) he will have to complete his prison sentence, and he is prepared to do so. Having been in custody for more than three years now, he has a great incentive to refrain from doing anything that would expose him to an even lengthier prison term.

29. In any event, if any risk of flight is thought to exist simply by virtue of the length of the sentence imposed, it could be adequately addressed through bail conditions such as the use of an electronic monitoring device.

30. Bail pending appeal should be granted on the same terms as existed before and during trial, or upon other reasonable terms and conditions.

_____
Victoria B. Eiger

Dated: June 14, , 2006

Exhibit A

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse at Foley Square   40 Centre Street, New York, NY 10007   Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Caption [use short title]

Docket Number(s): 03-1737-cr (Lead); 03-1765-cr (Con)

Motion for: Bail Pending Conclusion of Appeal

Set forth below precise, complete statement of relief sought:
Richard Amico seeks release on bail pending conclusion of his appeal.

RECEIVED U.S. JUN 0 2 2006 DERSHOWITZ, EIGER, v. & ADELSON, P.C.

Amico

MOVING PARTY: Richard Amico
☐ Plaintiff    ☐ Defendant
☒ Appellant/Petitioner    ☐ Appellee/Respondent

OPPOSING PARTY: United States

MOVING ATTORNEY: Nathan Z. Dershowitz
[name of attorney, with firm, address, phone number and e-mail]
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
(212) 889-4009
(212) 889-3595 (FAX);
E-Mail: ndershowitz@lawdea.com

OPPOSING ATTORNEY [Name]: Richard Resnick
[name of attorney, with firm, address, phone number and e-mail]
U.S. Attorney's Office (WDNY)
Rochester Office, U.S. Courthouse
100 State Street
Rochester, NY 14614
(585) 263-6760
(585) 263-6226 (FAX)

Court-Judge/Agency appealed from: Charles J. Siragusa (WDNY)

Please check appropriate boxes:

Has consent of opposing counsel:
  A. been sought?    ☐ Yes    ☒ No
  B. been obtained?  ☐ Yes    ☒ No

Is oral argument requested?    ☒ Yes    ☐ No
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes    ☒ No
If yes, enter date

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   ☐ Yes   ☐ No

Has this relief been previously sought in this Court?   ☐ Yes   ☐ No

Requested return date and explanation of emergency:

Signature of Moving Attorney: /s/ Nathan Z. Dershowitz   Date: 5/30/06

Has service been effected?    ☒ Yes    ☐ No
[Attach proof of service]

## ORDER

IT IS HEREBY ORDERED THAT the motion is GRANTED   DENIED.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk of Court

ate: _____    By: _____

Form T-1080 (Revised 10/31/02).

**Exhibit B**

➔AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1 Case 6:00-cr-06155-DGL   Document 573-2   Filed 06/14/06   Page 10 of 19
NO. 507    P. 2   in D. Lyons/vg

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| RICHARD N. AMICO | Case Number:   6:00-CR-06155-03 |

Peter A. Jacobsen, Esq. And Steven Sadow, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   55 at sentencing

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   3 and 44
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Bank and Mortgage Fraud | 01/2000 | 3 |
| 18:1341 | Mail Fraud | 10/1998 | 44 |
| 26:7206(1) | Tax Evasion | 1999 | 55 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: December 21, 1970

Defendant's USM No.: 10693-055

Defendant's Residence Address:

c/o Yates County Jail

227 Main Street

Penn Yan, New York 14527

Defendant's Mailing Address:

Same as above

November 4, 2003
Date of Imposition of Judgment

_Charles Siragusa_
Signature of Judicial Officer

Honorable Charles J. Siragusa
Name and Title of Judicial Officer

Nov. 17, 2003
Date

# 478

AO 245B (Rev. 3/01) Judgment in Criminal Case
Sheet 2 - Imprisonment
Case 6:00-cr-06155-DGL Document 573-2 Filed 06/14/06 Page 11 of 19

Judgment — Page 2 of 6

DEFENDANT: RICHARD N. AMICO
CASE NUMBER: 6:00-CR-06155-03

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred eight (108) months. This consists of a term of imprisonment of sixty (60) months on Count three and forty eight (48) months on Count forty-four to be served consecutively to each other and one (1) year on Count fifty-five to be served concurrently.

The Cost of Incarceration Fee is waived.

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated at a facility as close to Monroe County, Rochester, New York as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A 1205    SPA 166

DEFENDANT: RICHARD N. AMICO
CASE NUMBER: 6:00-CR-06155-03

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years on each of Counts 3 and 44, and one (1) year on Count 55, all to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RICHARD N. AMICO
CASE NUMBER: 6:00-CR-06155-03

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 on each count for a total of $200 | $ | $ 14,755,867.00 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| The United States Attorney's Office is to provide the Court Clerk's Office the addresses of the victim banks as they apply to the properties listed in the table attached to the presentence report, and Judgement and Commitment Order. | $14,755,867.00 | $14,755,867.00 | 100% |
| TOTALS | $ 14,755,867.00 | $ 14,755,867.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the ☐ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RICHARD N. AMICO
CASE NUMBER: 6:00-CR-06155-03

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $_____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☐ Payment to begin immediately (may be combined ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:

The special assessment is due immediately.

The restitution is due immediately. While incarcerated the defendant is to make payments in accordance with the Bureau of Prisons inmate financial responsibility program. While on supervised release, the defendant shall make timely installment payments at the rate of 15% of his monthly gross income per month. Payments are to be in the form of a money order made payable to Clerk, U.S. District Court, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount: Pursuant to § 3664(H) the restitution is to be paid jointly and severally with all other defendants ordered to pay restitution on the same properties to the same victim banks. The payments are to be dispersed by the Clerk's Office proportionately to the victims as listed in the table attached to the Judgement and Commitment order.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: $59,991,924.75

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Exhibit C**

```
 1                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF NEW YORK
 2    - - - - - - - - - - - - - - - X
      UNITED STATES OF AMERICA       )   00-CR-6155(CJS)
 3                                   )
      vs.                            )
 4                                   )   18 USC 225;371;1341&2
      ROBERT A. AMICO, RICHARD N.    )      1014&2;982(a)(2)&(8)
 5    AMICO, ROBERT J. AMICO,        )   21 USC 853(a)(1)&(a)(2)
                        Defendants.  )      853(p)
 6    - - - - - - - - - - - - - - - X

 7                     Transcript of Jury Trial
                            (Volume 10-L)
 8          Before the Honorable Charles J. Siragusa
                    United States District Judge
 9
            17, 18, 19, 20, 24, 25, 26, 27, 28, 31 March 2003
10                      1, 2, 3 April 2003
                        Rochester, New York
11

12    Michael A. Battle, Esq.
      United States Attorney
13    BY:  Richard A. Resnick, Esq.
           Deirdre M. Flynn, Esq.
14    Assistants United States Attorney
           Sean Eldridge, Legal Assistant
15    6200 Federal Building
      Rochester, New York 14614
16

17    Trevett, Lenweaver & Salzer, P.C.
      BY:  Peter A. Jacobson, Esq.
18    700 Reynolds Arcade
      Rochester, New York 14614
19    For Defendant Richard N. Amico

20
      Cerulli, Massare & Lembke
21    BY:  Matthew R. Lembke, Esq.
      134 South Fitzhugh Street
22    Rochester, New York 14608
      For Defendant Robert J. Amico
23

24
      Court Reporter:  Francis J. LeoGrande
25                     2120 United States Courthouse
                       Rochester, New York 14614
```

9167

```
 2    (The court was called to order.)
 3    THE COURT:  Note the presence of counsel and the
 4  defendants.
 5    Counsel, shortly before we left yesterday, around
 6  2:40 p.m., we received two notes in an envelope.
 7    First, "Can we hear the testimony of Patrick
 8  McNamara regarding 5 Bryden Park?"  On that same page was
 9  the following request: "Can we hear the testimony of
10  Lynn Rowland regarding Richard and 5 Bryden Park."
11    The other note was, "Can we have" -- they have
12  written here -- "testimony of the law concerning
13  continuing financial crimes enterprise regarding 2071.001
14  to 2071.004?"
15    They have the charts.  The Court will review the
16  law as to continuing financial crimes as requested by the
17  jury.  We have identified in Mr. McNamara's over several
18  days of testifying those references to 5 Bryden Park.
19    The only thing I will clarify with Mr. Smith is
20  when they say, "Can we hear the testimony of Lynn Rowland
21  concerning Richard and 5 Bryden Park," whether they want
22  to hear the testimony about Richard Amico relating to 5
23  Bryden Park or whether they want to hear testimony about
24  Richard Amico and 5 Bryden Park.
25    If that's the situation, I will ask Mr. LeoGrande
```

9168

```
 1  to read Mr. Rowland's entire testimony because it's
 2  replete with references to Richard Amico, and it would be
 3  difficult to cull out all those references.
 4    (The jury entered the courtroom.)
 5    THE COURT:  Note the presence of counsel, the
 6  defendants, and the jury.
 7    We are ready to comply with your request, but we
 8  have a couple points.  First, the length of your
 9  deliberations, how long you need or short, is strictly up
10  to you.  I don't want you to worry in that regard.  We're
11  here.  We remain ready, willing, and able to comply with
12  any requests you have.
13    Secondly, at such time as you have a verdict, I
14  want to tell you, Mr. Smith, don't send out the verdict
15  sheet.  Just send out a note saying we have a verdict.
16  You retain the verdict sheet with you.
17    Now, I do want to address your latest requests.  We
18  did receive your note.  It says, "Could we have the
19  testimony of Patrick McNamara concerning 5 Bryden Park?"
20  That's been identified, and Mr. LeoGrande will read it to
21  you.
22    Second part is, "Can we hear the testimony of Lynn
23  Rowland concerning Richard Amico and 5 Bryden Park?"
24    Just a clarification, Mr. Smith.  When you say Can
25  we hear the testimony of Lynn Rowland concerning Richard
```

9169

```
 1  Amico and 5 Bryden Park, do you want Ms. Rowland's
 2  testimony about Richard Amico concerning 5 Bryden Park or
 3  any testimony about Richard Amico and any about 5 Bryden
 4  Park?
 5    THE FOREPERSON:  Just about 5 Bryden Park.
 6    THE COURT:  We have that identified.
 7    And for the record, your second note was, "Could we
 8  please have the testimony of the law concerning the
 9  continuing financial crimes enterprise read back to us."
10  I'll be glad to do that after we complete the read back
11  of Mr. McNamara and Ms. Rowland's testimony.
12    Also, I believe you have been provided with the
13  charts you are requesting, 2071.001 to 2071.004.
14    I want to reemphasize, any request you have, feel
15  free.  We'll comply with them as soon as humanly
16  possible.  All of us, and I speak for all participants in
17  the case, all of us are anxious to comply with anything
18  you need.  If you need an exhibit, you have a request
19  about the law, don't be afraid to ask.  I will provide
20  it.
21    I will start with the testimony of Patrick McNamara
22  regarding 5 Bryden Park, and I will ask Mr. LeoGrande to
23  read that back.
24    (The reporter read back the requested testimony.)
25    MR. RESNICK:  Can we have a side-bar?
```

9170

```
 1    (There was a bench conference off the record.)
 2    THE COURT:  Folks, let me tell you what we were
 3  talking about.  I think you can only imagine how
 4  difficult it is that to pick out pieces, and the counsel
 5  indicated there may have been other references that may
 6  have been missed.
 7    (There was a pause in the proceeding.)
 8    (The reporter read back the requested testimony.)
 9    THE COURT:  Ladies and gentlemen, based on our
10  review, that is the testimony you have requested.  If
11  there is anything else, we will provide it to you, and I
12  will bring it; but we have provided the testimony of
13  Patrick McNamara and Lynn Rowland concerning 5 Bryden
14  Park.
15    Next, I want to turn to the law.
16    Mr. Smith, I note you're looking back.  If there is
17  something else you think you would like, I would have you
18  step back in the jury room, and you could do another note
19  while we're all here --
20    THE FOREPERSON:  Please.
21    THE COURT:  Yes, why don't you do that.  We'll wait
22  for a note.  And again, don't hesitate if you have any
23  questions.  We're glad to try to comply.
24    (The jury withdrew from the courtroom.)
25    (There was a pause in the proceeding.)
```

1  THE COURT: So the record is clear, Mr. Lembke and
2  Mr. Jacobson, although I don't know you technically did
3  it on the record, to the extent that any exhibits were
4  offered in the defense case as opposed to the
5  government's case, I assume you were renewing your
6  motions for judgment of acquittal at the end of all
7  proof?
8      MR. LEMBKE: Yes, sir.
9      MR. JACOBSON: That's correct, your Honor.
10     THE COURT: That motion is denied, but I will note
11 that, that application was made.
12     Counsel, are there any applications?
13     MR. RESNICK: Yes, your Honor. Under Section 3143,
14 we would move to detain Robert J. Amico. The statute
15 says you "shall" do that because the maximum sentence is
16 life imprisonment on the CFCE charge; and likewise, we
17 would move for Richard N. Amico's detention. He is
18 facing a maximum of 10 years on the two counts he was
19 convicted of, and I think the guidelines are going to
20 come pretty close to the 10 years, your Honor.
21     THE COURT: Yes. As far as Robert J. Amico, the
22 application is granted.
23     What Mr. Resnick is referring to is 18 U.S.C.,
24 Section 3143(a)(2). It says, "The judicial officer shall
25 order that a person who has been found guilty of an

1  offense in a case described in Subparagraph (A), (B), or
2  (C) of Subsection (f)(1)" -- and that would include a
3  conviction for a crime with a maximum of life -- "and is
4  awaiting imposition or execution of a sentence be
5  detained unless the judicial officer finds there is a
6  substantial likelihood that a motion for acquittal or new
7  trial will be granted; or an attorney for the government
8  has recommended that no sentence of imprisonment be
9  imposed on the person; and the judicial officer finds by
10 clear and convincing evidence that the person is not
11 likely to flee or pose a danger to any other person or
12 the community."
13     In light of the fact that this Court does not find
14 that there is a substantial likelihood that a motion for
15 acquittal or new trial would be granted, and clearly
16 based on Mr. Amico's conviction he's facing a ten-year
17 minimum on his conviction of continuing financial crimes
18 enterprise, the application is granted; and the Court
19 directs that Mr. Robert J. Amico, pursuant to Section
20 3143, be taken into custody.
21     With respect to Richard N. Amico, the application
22 is also granted. While it's not mandatory, the law does
23 impose under Section 3143(a) -- and I will read it,
24 "Except as provided in Paragraph (2)" -- which does not
25 apply -- "the judicial officer shall order that a person

1  who has been found guilty of an offense and who is
2  awaiting imposition or execution of the sentence, other
3  than for a person for whom the applicable guideline
4  promulgated pursuant to 28 U.S.C. 994 does not recommend
5  a term of imprisonment, be detained, unless the judicial
6  officer finds by clear and convincing evidence that the
7  person is not likely to flee or pose a danger to the
8  safety of any other person or the community."
9      The Court notes that it does not find Richard N.
10 Amico to pose a danger to the community; however,
11 Mr. Jacobson, to the extent the Court has any discretion,
12 you would have the burden of establishing by clear and
13 convincing evidence that Mr. Richard N. Amico is not a
14 flight risk.
15     MR. JACOBSON: Your Honor, can --
16     THE COURT: I would note for counsel's benefit the
17 case of 898 F.2d 328 at 330 that discussing this, and
18 clearly indicates that it is the defendant's burden to
19 establish by clear and convincing evidence that he is not
20 a flight risk.
21     MR. JACOBSON: May I be heard on that, your Honor?
22     THE COURT: Yes, you can.
23     MR. JACOBSON: As the Court is aware, my client was
24 charged with several counts and fortunately found not
25 guilty. I would make an application on behalf of Richard

1  Amico that his bail be continued, particularly in view of
2  fact that his wife is quite ill and requires continuing
3  treatment; that alone necessitates his, you know,
4  staying, certainly, in Atlanta near the hospital with his
5  wife. For that reason, your Honor, he is not a flight
6  risk, and I believe that, that is clear and convincing
7  evidence. His loyalty to, you know, and his love for his
8  wife.
9      THE COURT: Mr. Resnick?
10     MR. RESNICK: Your Honor --
11     THE COURT: And, Mr. Resnick, the Court would also
12 ask is it the government's position that there still are
13 assets unaccounted for?
14     MR. RESNICK: Yes, your Honor.
15     THE COURT: Go ahead.
16     MR. RESNICK: And as well as I don't -- while we
17 understand what Mr. Jacobson said, I don't believe that's
18 a factor under (f)(1). Most people that have to be
19 detained have some type of family circumstances that they
20 have to take care of, your Honor; so we don't believe
21 that is a factor that should be considered by the Court.
22 So based on the lengthy prison sentence that Mr. Amico is
23 facing -- up to a maximum of 10 years based on the two
24 counts he was convicted of -- we believe there is a
25 serious risk of flight. He has no home here in

9195

1 Rochester. I think his home is in Georgia. I'm sure if
2 they have a home down there now, there's no stable
3 employment, no stable residence at this time. We believe
4 based on those factors that it could basically lead to a
5 ruling for detention.
6     THE COURT: What is the government's position on
7 outstanding assets in this case?
8     MR. RESNICK: Well, not --
9     THE COURT: -- because certainly a financial
10 condition is a factor the Court can consider.
11     MR. RESNICK: Not every penny taken during the
12 fraud was accounted for. I thought that was a question
13 that was asked. We are going to continue to, you know,
14 look for assets and establish assets that can be
15 forfeited, provided that the Court enters a forfeiture
16 order after the disposition.
17     THE COURT: Is it still the government's position
18 there's large amounts of money that was taken not
19 accounted for?
20     MR. RESNICK: There's large amounts of money that
21 we know about. With respect to the father, Robert A.
22 Amico, we know there's large amounts of money. With
23 respect to Richard, no, we don't know there's large
24 amounts of money.
25     MR. JACOBSON: Your Honor, if the Court will

9196

1 recall, my client was unable to post bail except for his
2 father-in-law, Mr. Tomory, and his mother-in-law putting
3 up their house. That still remains the situation in
4 terms of bail. That is, if Richard were a flight risk
5 his father-in-law would lose his house. I don't think
6 there's any question that Richard has shown to the Court
7 his diligence in not only being present, but in, you
8 know, the feelings he has for his wife and his family,
9 particularly in view of the fact that his wife does
10 suffer from a condition which requires her treatment down
11 in Georgia on a regular basis. It requires her to have
12 complete blood filtering on a regular basis. I don't
13 think there's any question, coupled with the fact that
14 Richard's father-in-law has put up his house, his
15 residence, that Richard would not be a flight risk.
16     THE COURT: The Court has reviewed the case law,
17 which I have refer to. The application for the continued
18 release is denied, and I will note the cases.
19     First of all, the Second Circuit case of
20 United States versus Londono-Villa, 898 F.2d 328 at 330;
21 "We note the district court's reliance on the demeanor of
22 the defendant, his family, and his witnesses, but do not
23 believe that is determinative on the issue of risk of
24 flight after conviction. We fail to see how such
25 subjective assessments can, on their own, satisfy the

9197

1 heightened burden of proof placed on the defendant to
2 establish that he is not likely to flee by clear and
3 convincing evidence."
4     Now, it further goes on to say in that sentence,
5 "Particularly given the not unreasonable presumption that
6 the defendant concealed his criminal activities from his
7 family in the past." It goes on.
8     There's other case law; "Defendant's financial
9 condition and length of sentence he or she faces are of
10 particular importance in assessing the risk of flight."
11     Another case; "In spite of strong family ties,
12 defendant is not entitled to bail pending" -- this is on
13 the appeal, but the same standard applies -- "where he
14 faced substantial prison term and was unemployed."
15     Again, the burden here is on the defendant to
16 establish by clear and convincing evidence that he is not
17 a flight risk. Based on the evidence in this case, based
18 on the fact that the defendant is not even proposing that
19 he has ties to the community, but would be going to
20 Georgia, the Court finds that he has not met the, quote,
21 "heightened burden of proof placed on the defendant to
22 establish that he is not likely to flee by clear and
23 convincing evidence." So the application is denied, and
24 Richard Amico, likewise, is remanded to custody.
25     The Court will set the following sentencing dates

9198

1 for sentencing of Richard N. Amico and Robert J. Amico.
2 We will set it down tentatively for July 8th, 2003,
3 Richard N. Amico at 3 p.m. and Robert J. Amico at 4 p.m.
4     Counsel, Mr. Jacobson and Mr. Lembke, I do want to
5 direct your attention to Rule 29, Subdivision (c). In
6 the event there are any post-verdict applications, I
7 would note there is a very strict time limit for making
8 of these applications, and I would just direct counsel to
9 that Section in the event you anticipate any motions.
10     I'm going to ask at this point that the courtroom
11 be cleared.
12     That completes this proceeding, unless there's any
13 other applications, counsel?
14     MR. RESNICK: No, your Honor.
15     THE COURT: Thank you, counsel.
16     (The court was adjourned.)
17                 * * *
18
             CERTIFICATE OF REPORTER
19
20     I certify that the foregoing is a correct transcript
21 of the record of proceedings in the above-entitled
22 matter.
23
24 _____    _____
25 Francis J. LeoGrande                       Date
   Official Court Reporter