UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

RICHARD N. AMICO,

                            BAIL PENDING APPEAL
                            DECISION and ORDER
                            00-CR-6155 CJS

Defendant.

_____

## INTRODUCTION

This matter is now before the Court on the application of the defendant, Richard N. Amico, for bail pending appeal. For the reasons stated below, the application is denied.

## BACKGROUND

On April 3, 2003, the defendant was found guilty after a four month jury trial of conspiracy to commit bank and mortgage fraud, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. After the verdict was returned, the government moved to detain the defendant based upon the fact that he faced a guideline sentence close to the statutory maximum of ten years. The Court, in accordance with 18 U.S.C. § 3143(a), granted the government's application, finding that the defendant had failed to sustain his burden of establishing by clear and convincing evidence that he was not likely to flee if released.

Subsequently, prior to sentencing on November 4, 2003, the defendant pled guilty to one count of filing a false tax return, in violation of 26 U.S.C. § 7206 (1). The Court then proceeded to sentence the defendant to nine years imprisonment and entered a criminal forfeiture judgment against him in the amount of $59,191,924.75. The Court further ordered him to pay restitution in the amount of $14,755,867.00.

By notice of motion filed on June 14, 2006, the defendant has moved this Court for bail pending appeal pursuant to 18 U.S. C. § 3143 (b), arguing that he is not a flight risk and that his appeal raises substantial questions of law or fact that are likely to result in an order for a new trial. Affidavit of Victoria B. Eiger in Support of Defendant's Notice of Motion ¶ 20  p. 2 (Docket # 573).

## STANDARD OF LAW

18 U.S.C. § 3143 (b) reads as follows:

Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Clear and convincing evidence means something more than a preponderance of the evidence and something less than proof beyond a reasonable doubt. *United States v. Chimurenga*, 760 F.2d 400, 405 (1985). "(T)his standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Id.* A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the  other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir.1985). (internal citation and quotation marks omitted). The term "substantial" goes to the issue's significance with respect to the ultimate disposition of the appeal. *Id.*  Bail pending

appeal is not conditioned "upon a district court's finding that its own judgment is likely to be reversed on appeal." *Id.* at 124. However, "bail can be granted only if the question is close, one that could go either way." *United States v. Powell,* 761 F.2d 1227, 1231– 1232 (8th Cir.1985). A district court's decision to grant or deny bail pending appeal is reviewed for clear error. *United States v. Mercedes,* 254 F.3d 433, 435 (2d Cir. 2001)

**ANALYSIS**

In his subject application for bail, the defendant argues first, that there is now clear and convincing evidence that he is not a flight risk, and second, that his appeal raises substantial questions, based upon which "[he] is cautiously optimistic that the Second Circuit will overturn his conviction." Affidavit of Victoria B. Eiger in Support of Defendant's Notice of Motion ¶ 28 p. 5. The Court disagrees with the defendant on both points, and concludes that the defendant fails to clear the "high procedural hurdles" in place that would entitle him to bail pending appeal.

**A. Risk of Flight**

Essentially, the defendant argues that, since the time Court directed that he be taken into custody following the jury's verdict, circumstances have changed. He points out that his wife, Tara, no longer resides in Georgia, but has moved back to the Rochester area where she has purchased a home. He also indicates that Tara's parents, who live in Webster, New York, are again willing to put up their residence to secure his release. As to Tara, the defendant represents that she must remain in the Rochester area due to long standing medical problems. The defendant also argues that his experience and conduct while incarcerated confirm that he is not a flight risk. However, the Court is not persuaded by the defendant's arguments.

As to his wife, Tara, the defendant's counsel, in support of his application for the defendant's continued release after the return of the jury verdict on April 3, 2003, stated:

> I would make this application on behalf of Richard Amico that his bail be continued, particularly in view of the fact that his wife is ill and requires continuing treatment; that alone necessitates his, you know, **staying certainly in Atlanta near the hospital with his wife**. For that reason, your Honor, he is not a

> flight risk, and I believe that is clear and convince evidence. **His loyalty to, you know, and his love for his wife.**
>
> *****
>
> I don't think there's any question that Richard has shown to the court his diligence in not only being present, but in, you know, **his feelings he has for his wife and his family, particularly in view of the fact that his wife does suffer from a condition which requires her treatment down in Georgia on a regular basis**. It requires her to have complete blood filtering on a regular basis. I don't think there's any question, coupled with the fact that Richard's father-in-law has put up his house, his residence, that Richard would not be a flight risk.

Trial Transcript pp. 9193, 9196 (emphasis added). While previously the defendant maintained that his wife's condition required "treatment down in Georgia," now he maintains that "Tara must remain in the Rochester area as all of her doctors are there." Affidavit of Victoria B. Eiger in Support of Defendant's Notice of Motion ¶ 20 p. 4 (Docket # 573). Moreover, other than the allegations contained in counsel's affidavit, the defendant does not provide any supporting medical documentation as to his wife's condition, indicate the name of any of her doctors, or even name her condition.

Furthermore, the Court rejects the defendant's arguments that his love for and devotion to his wife guarantee that he will not flee if released. In doing so, the Court relies on the following guidance offered by the Circuit:

> We note the district court's reliance on the demeanor of the defendant, his family and his witnesses, but do not believe that is determinative on the issue of risk of flight after conviction. We fail to see how such subjective assessments can, on their own, satisfy the heightened burden of proof placed on the defendant to establish that he is not likely to flee by clear and convincing evidence, particularly given the not unreasonable presumption that the defendant concealed his criminal activities from his family in the past.

*United States v. Londono-Villa*, 898 F.2d 328, 329–330 (2d Cir.1990). In a situation analogous to *Londono-Villa*, the defendant here was apparently able to successfully conceal a large scale mortgage fraud scheme from his wife.

The Court is also unpersuaded by the defendant's suggestion that he would not flee out of loyalty to his in-laws, who would again be willing to put up their property to secure his

release. The defendant was a principal participant in this multi million dollar theft, for which, according to the government in its April 3, 2003 application to revoke release, large amounts of money remain unaccounted. As the Circuit observed in *Londono-Villa* in rejecting a similar contention:

> Although the loss of a $1 million home would be a substantial blow to his sister, a top California real estate agent, and her husband, the sum of money involved or potentially involved in the drug conspiracy and transaction in which the jury found the defendant to have participated, albeit in a tangential way (guiding a plane to an airstrip in Colombia at which it was to pick up the cocaine), dwarfs the $1 million. *Id.*

*Id.* at 329-330.

The Court now turns its attention to the defendant's claim that his experience and conduct while incarcerated indicate that he is not a flight risk. On this point, the Court attributes little, if any, significance to the defendant's performance in the highly structured, regimented environment attendant with incarceration for a serious crime. Furthermore, as with his other arguments pertaining to risk of flight, the defendant fails to cite any legal authority in support of his position. Despite his performance "inside," the defendant is still facing approximately three and a half years in prison.

Therefore, the Court, after considering all of the facts and circumstances of the defendant's conviction, including his present situation, the Court finds that the defendant has failed to establish by clear and convincing evidence that he is not a flight risk if released.

**B. Substantial Questions**

In the event that, upon appellate review, it is determined that the Court was clearly erroneous in deciding that the defendant failed to meet his burden on risk of flight, the Court will now consider what the defendant alleges are substantial questions likely to result in the reversal of his conviction. In that regard he lists the following: 1) the trial judge should have disqualified himself, as requested by the defendants and the government ("Recusal"); 2) recusal was also warranted because the trial judge violated Rule 11, improperly interjecting himself into the plea

agreement process, thus creating an appearance of impropriety ("Plea Bargaining"); 3) the failure to record hundreds of sidebar discussions, including at least 27 held during Patrick McNamara's testimony, and the holding of unreported chambers conferences on important subjects requires reversal of the conviction ("Side Bars and Chamber's Conferences"); 4) the evidence was insufficient to support the mail fraud conviction ("Insufficiency of the Evidence"); and 5) defendant must be resentenced, by a different judge ("Resentencing").

**1 & 2. Recusal and Plea Bargaining**

On April 11, 2003 the Court filed a forty-four page decision and order (Docket # 364) addressing the defendant's arguments relating to recusal and plea bargaining. For the reasons explicitly detailed in that decision and order, finds that, that based upon the applicable of law discussed above, neither of these first two points raised by the defendant presents a substantial question for appeal.

**3. Side Bars and Chamber's Conferences**

28 U.S.C. § 753 (b)(1) reads as follows:

Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court;

As the government points out, by its plain terms the statute does not refer to conferences held in chambers. Moreover as to sidebars, it appears clear that, in this Circuit, reversal of a conviction based upon a gap in the record is not warranted unless a defendant can demonstrate specific prejudice resulting from such omission. *United States v. Weisser,* 417 F.2d 336, 343 (2d Cir. 2005). This approach is consistent with the well settled law in other circuits, and is especially in this case, where defense counsel acquiesced in the unrecorded side bars.

> It is significant that defendants may have waived objections to the court's procedure, even if it failed to comply with the Court Reporters Act above cited. The defendant's personal consent or a waiver of claim of error in not recording all proceedings may preclude claims of reversible error. See *United States v. Weiner*, 578 F.2d 757, 789 (9th Cir.), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978); *United States v. Piascik*, 559 F.2d 545, 549-50 (9th Cir.1977), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978); *Houston v. United States*, 419 F.2d 30, 34 (5th Cir.1969). Lawyers for defendants in this instance went beyond merely acquiescing in the trial court's procedure; in a number of instances, the directive to "go off the record" came not from the court but from defendant's counsel, without objection from other counsel. We find defendants effectively to have waived objection to the "off-the-record" side bar discussions especially in light of their failure to state any particular substantive errors the court may have made during these discussions. See *United States v. Long,* 419 F.2d 91, 94 (5th Cir.1969) ("in order to require reversal, some specific error or prejudice resulting from failure to record such proceedings must be called to the Court's attention").

*United States v. Gallo*, 763 F.2d 1504, 1531 (6th Cir.1985)

> Even so, the district court's failure to comply with § 753(b) does not require us automatically to reverse the court's judgment. A defendant may waive an objection to the court's failure to comply with § 753(b), either expressly or by acquiescing in the court's procedure. See *United States v. Ellzey*, 874 F.2d 324, 330 (6th Cir.1989); *Gallo*, 763 F.2d at 1531; *Piascik*, 559 F.2d at 549; *see also Houston v. United States*, 419 F.2d 30, 34 (5th Cir.1969). Even if the issue is not waived, a failure to comply with § 753(b) is reversible only if the defendant can demonstrate prejudice. See *Gallo*, 763 F.2d at 1530; *Snead*, 527 F.2d at 591.

*United States v. Nolan*, 910 F.2d 1553, 1560 (7th Cir.1990). *See also Calhoun v. United States,* 384 F.2d 180, 184 (5th Cir.1967) *(*Failure to transcribe the entire court proceedings in violation of the statutory requirement is not reversal unless prejudice is shown)*; Stirone v. United States*, 341 F.2d 253, 256 (3d Cir 1965.), *cert. denied*, 381 U.S. 902 (1965) (The failure to record jury selection in violation of the Court Reporter Act where there was no allegation of error in the voir dire does not constitute per se reversible error); *United States v. Sigal*, 341 F.2d 837, 839 (3d Cir. 1965), *cert. denied*, 382 U.S. 811 (1965) ( Although the stenographer's failure to record the voir dire of the jury panel violated the Court Reporter Act, the error was harmless because the defendants failed to show any prejudice); *United States v. Carrillo*, 902 F.2d 1405, 1409 (9th

7

Cir.1990) (defendant must demonstrate that the missing portion of the transcript specifically prejudices his appeal before relief will be granted); *United States v. Gillis*, 773 F.2d 549, 554 (4th Cir.1985) ("[T]he appellant must demonstrate that the missing portion of the transcript specifically prejudices his appeal before relief will be granted."). Moreover, prejudice is not assumed simply because appellant has new counsel on appeal. *United States v. Antoine*, 906 F.2d 1379, 1381 (9th Cir. 1990).

Based on the current state of the law, the Court determines that the defendant's claim relating to the failure to record side bars and chambers conferences does not present a substantial question for appeal.

**4. Insufficiency of the Evidence**

The defendant contends that the evidence at trial was legally insufficient to support his conviction for mail fraud. The Court disagrees. Although the defendant does not elaborate on the exact nature of his claim in his moving papers, the Court finds that the government's responding papers fairly recount the evidence introduced at trial. *See* Government's Opposition to Motion for Bail Pending Appeal pp. 9-10. In that regard, upon review, the Court concludes that such evidence was legally sufficient to support the jury's determination that the government had proven each and every essential element of mail fraud beyond a reasonable doubt. Consequently, the Court finds that the defendant's "insufficiency of the evidence" question is not substantial.

**5. Resentencing**

The final question raised by the defendant that he maintains is substantial relates to his contention that he must be resentenced before a different judge. While the defendant does detail this claim, the government in its responding papers specifies his position on Resentencing as follows:[1]

---

[1] The government's responding papers refer to the defendant's brief on appeal, which was not provided to the court.

>Finally, Amico argues that he must be re-sentenced because (1) the Court did not make adequate findings regarding why he should be held accountable for the entire amount of loss resulting from the conspiracy; (2) the case must be remanded for further proceedings in light of *United States v. Crosby*, 397 F. 3d (2d Cir. 2005); and (3) he is entitled to be resentenced by a new judge.

Government's Opposition to Motion for Bail Pending Appeal pp.10, 11. As to the defendant's first point, the Court did make specific findings in support of its decision that the defendant should be held accountable for the entire amount of loss resulting from the conspiracy. See Decision on Objections to PSR, dated November 4, 2003 (docket # 466). In that regard, the Court stated:

>The Court has previously set forth the principles of law applicable to relevant conduct, and the Court has detailed above the facts it finds have been established by a preponderance of evidence with respect to the defendant. Applying these facts to the law, and mindful of the doctrine of conscious avoidance, discussed above, the Court finds by a preponderance of evidence that defendant is chargeable with a total loss amount of $14,755,867 as recommended in the PSR. First, the Court specifically finds by a preponderance of evidence that this amount of loss was within the scope of the criminal activity the defendant undertook and in furtherance of jointly undertaken activity. *United States v. Studley*, 47 F.3d at 574. Second, the Court finds that the amount of loss as recommended in the PSR was reasonably foreseeable to the defendant. As to this amount, the Court finds that pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2F1.1 (1998), the sentencing court need only make a reasonable estimate of loss, based upon the available information.

*Id.* at 24.

As to the defendant's second point, relating to a probable *Crosby* remand, the defendant fails to explain how such remand is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). Presently the defendant has approximately three and a half years remaining on his sentence.

9

Finally, the Court, based upon its April 11, 2003 Decision and Order relating to recusal and plea bargaining (Docket # 364), referenced above, finds no merit to the defendant's third point that he must be resentenced before a different judge.

Consequently, the Court determines the defendant's Resentencing claim does not meet the substantial question requirement for bail pending appeal.

### CONCLUSION

Accordingly, the defendant's application for bail pending appeal (docket # 573) is denied in all respects.

Dated:  Rochester, New York
         August 25, 2006

                              ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge